# EXHIBIT 'A'

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GEORGIA CARRY ORG., INC. and<br>MAHLON THEOBALD,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>BRIAN KABLER,<br><br>　　　　Defendant | *<br>*<br>*<br>*<br>*<br>*<br>* Case Number: 2:12-cv-171-LGW-JEG<br>*<br>*<br>*<br>* |

## AFFIDAVIT OF ROBERT R. MYLES

STATE OF GEORGIA
COUNTY OF McINTOSH

Personally appeared before me, the undersigned attesting officer duly authorized to administer oaths, **Robert R. Myles**, who after being first duly sworn, deposes and states as follows:

My name is Robert R. Myles and I am a Sergeant employed by the Sheriff of McIntosh County, Georgia and am making this affidavit freely and in support of the position of defendant in certain litigation in the United States District Court for the Southern District of Georgia, Brunswick Division, Case Number 2:12-cv-171-LGW-JEG.

This affidavit is based upon my personal knowledge and the facts recited herein are true and correct.

1.　　I was employed by the Sheriff of McIntosh County, Georgia, on and prior to August 3, 2012.

2.　　On August 3, 2012, I was on duty along with Deputy Brian Kabler and Deputy Allen Wainwright.

3. Shortly after midnight on August 3, 2012, Deputy Kabler, Deputy Wainwright and I were located at the Friendly Express Shell Station near exit 49 in Darien, Georgia. At that time, I observed a white male enter the store that appeared to be wearing jeans and a shirt, and he also had on either a long sleeve shirt which was unbuttoned or a light weight jacket/coat.

4. As the white male entered the store, the shirt or coat that he was wearing was open in such a manner that I observed the white male to be wearing a holstered black handgun.

5. It appeared to me that when the white male made eye contact with me, and possibly the other deputies, he then closed the shirt/coat, causing the handgun to no longer be visible.

6. The white male left the store shortly after paying for his fuel.

7. Deputy Kabler asked me if I had seen the gun and I informed him that I had seen the weapon. I also told Deputy Kabler that because it appeared to me that the white male had attempted to cover up the gun, making it no longer visible, I was concerned about whether the white male possessed a valid weapon's license allowing him to possess the weapon in a convenience store.

8. Deputy Kabler asked me if I thought it would be permissible for him to make contact with the white male in light of the fact that the white male had appeared to conceal the weapon upon observing law enforcement officers.

9. I told Deputy Kabler that I believed it would be appropriate because the concealing of the weapon by the white male upon encountering law enforcement seemed suspicious to me.

10. Deputy Kabler exited the store to speak with the white male, but by the time he got outside, the white male had apparently already entered his car and was leaving the parking lot.

11. I am aware that Deputy Kabler subsequently initiated a traffic stop with regard to the white male subject along Interstate 95. Deputy Wainwright and I followed and provided back-up

to Deputy Kabler on his traffic stop. I had no interaction with the white male subject, who I now understand to be Mahlon Theobald, but after Deputy Kabler had spoken with the white male subject, he informed Deputy Wainwright and me of the information he had obtained from Mr. Theobald. Deputy Kabler determined that Mr. Theobald had a valid driver's license and he had also produced what appeared to be a Florida concealed weapon's permit.

FURTHER, DEPONENT SAYETH NOT.

This __19__ day of April, 2013.

_____
Robert R. Myles

Sworn to and subscribed before me
this __19__ day of April, 2013.

_____
Notary Public

My Commission Expires: __4/19/14__

(SEAL OF NOTARY)